# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 17, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JAMIE GARDNER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-959V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Influenza (Flu); |
| AND HUMAN SERVICES, | * | Chronic Inflammatory |
| | * | Demyelinating Polyneuropathy |
| Respondent. | * | (CIDP). |
| * * * * * * * * * * * * | | |

*Lawrence R. Cohan*, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner.
*Christine M. Becer*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On July 17, 2017, Jamie Gardner ("petitioner") filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

Petitioner received the flu vaccination on September 22, 2015. The vaccination was administered within the United States. Petitioner alleges that she suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the vaccine, and that she experienced the residual effects of this injury for more than six months.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 17, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 83). Respondent denies that the flu vaccine caused petitioner to suffer from CIDP or any other injury or her current condition. *Id.* at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation awards the following:

a) **A lump sum of $607,511.67, which amount represents compensation for first-year life care expenses, lost earnings, and pain and suffering in the form of a check payable to petitioner.**

b) **An amount sufficient to purchase the annuity contract described in the stipulation at paragraph 10, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JAMIE GARDNER,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

No. 17-959V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jamie Gardner, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. The special master determined that petitioner received the flu vaccination on September 22, 2015. Transcript of proceedings, October 3, 2018, at 84-85.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the vaccine, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the vaccine caused petitioner to suffer from CIDP or any other

injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $607,511.67, which amount represents compensation for first-year life care expenses, lost earnings , and pain and suffering in the form of a check payable to petitioner; and
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Jamie Gardner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

> a. For future unreimbursable Medicare Part B Premium, Medigap, and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,082.25 to be paid up to the anniversary of the date of judgment in year 2044. Thereafter, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $3,974.49 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Physical Rehabilitation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $527.76 to be paid up to the anniversary of the date of judgment in year 2052, increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $18,200.00 to be paid up to the anniversary of the date of judgment in year 2040. Thereafter, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $27,300.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> d. For future unreimbursable Scooter and Scooter Lift expenses, on the anniversary of the date of judgment in year 2031, a lump sum of $1,398.99. Then, on the anniversary of the date of judgment in year 2041, a lump sum of $1,398.99. Thereafter, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $139.90 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> e. For future unreimbursable Motrin, Scooter Battery, Scooter Maintenance, Scooter Cover, and Grabber expenses, beginning on the first anniversary of the date of judgment, an annual amount of $171.35 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> f. For future unreimbursable Equipment for Activities of Daily Living and Cooking, Heating Pad, Eating Utensil Cuff, Positioning Wedge, and Lift Chair expenses, on the first anniversary of the date of judgment, a lump sum of $183.67. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $103.67 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Jamie Gardner, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jamie Gardner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccination administered on September 22, 2015, as

alleged by petitioner in a petition for vaccine compensation filed on or about July 17, 2017, in the United States Court of Federal Claims as petition No. 17-959V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused petitioner's alleged CIDP or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_/s/ Jamie Gardner_
JAMIE GARDNER

**ATTORNEY OF RECORD FOR PETITIONER:**

_/s/ Lawrence R. Cohan_
LAWRENCE R. COHAN, ESQ.
Saltz Mongeluzzi & Bendesky
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 575-3887

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_/s/ Heather L. Pearlman_
HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_CAPT Dale Mishler, DHSc, for_
TAMARA OVERBY
Acting Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_Christine M Becer by Heather L Pearlm_
CHRISTINE M. BECER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665
christine.m.becer@usdoj.gov

Dated: 02/17/2021